UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:20-cv-23814-GAYLES

**ABRAKA OKPOSIO**,

    Plaintiff,

v.

**BARRY UNIVERSITY, INC., a Florida corporation, BETHANY PIERPONT, individually, LETICIA M. DIAZ, ROXANNA P. CRUZ, MARIA L. ALVAREZ, and AMY M. LEFKOWITZ**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on a *sua sponte* review of *pro se* Plaintiff Abraka Okposio's Complaint [ECF No. 1]. On September 14, 2020, Plaintiff filed this action against Defendants Barry University, Inc., Bethany Pierpont, Leticia M. Diaz, Roxanna P. Cruz, Maria L. Alvarez, and Amy M. Lefkowitz for alleged fraudulent misrepresentation, gross negligence, and vicarious liability related to Plaintiff attending Barry University School of Law. However, the Complaint must be dismissed without prejudice because it is an impermissible shotgun pleading in violation of Federal Rule of Civil Procedure 8.

To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Additionally, "[a] party must state its claims or defenses in numbered paragraphs, each limited as

far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The federal pleading standards thus "require the pleader to present [her] claims discretely and succinctly, so that, [her] adversary can discern what [she] is claiming and . . . the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted . . . ." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)).

A complaint that violates Federal Rule of Civil Procedure 8 is "often disparagingly referred to as [a] shotgun pleading[]." *Id.* at 1320 (internal quotation marks omitted). The Eleventh Circuit generally considers a complaint to be a shotgun pleading if it: (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," *id.* at 1321; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *id.* at 1321–22; (3) fails to "separate[] into a different count each cause of action or claim for relief," *id.* at 1322–23; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," *id.* at 1323. Shotgun pleadings "fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests . . . [and] waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam) (citations omitted); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." (citations omitted)).

Generally, "[a] district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits . . . ." *Vibe Micro, Inc.*, 878 F.3d at 1295 (internal quotation marks omitted) (quoting *Weiland*, 792 F.3d at 1320). This inherent authority "includes the ability to dismiss a complaint on shotgun pleading grounds." *Id.* (citation omitted). In fact, a district court has the obligation to identify and dismiss a shotgun pleading. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126–27 (11th Cir. 2014).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend [her] complaint instead of dismissing it." *Humphrey v. Sec'y, U.S. Dep't of Homeland Sec.*, 597 F. App'x 571, 573 (11th Cir. 2014) (citation omitted). "However, this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (citations and internal quotation marks omitted).

Plaintiff's Complaint must be dismissed as an impermissible shotgun pleading for several reasons. First, the Complaint is all but a "short and plain statement" as required by Federal Rule of Civil Procedure 8. The Complaint spans 684 pages—exclusive of exhibits, which total 291 additional pages—and 873 paragraphs, as well as 13 repetitive counts that include claims for fraudulent misrepresentation, gross negligence, and vicarious liability. Moreover, Plaintiff fails to succinctly address jurisdiction, instead opting to address it throughout the Complaint, and includes hundreds of pages of immaterial factual allegations to the claims brought. Second, Plaintiff incorporates all 258 paragraphs of factual allegations—totaling 114 pages—into each count

without properly tying each of those factual allegations to the claims raised. *See Innova Inv. Grp., LLC v. Village of Key Biscayne*, No. 19-CIV-22540, 2020 WL 6781821, at *5 (S.D. Fla. Nov. 18, 2020) (citing Fed. R. Civ. P. 8(a)). The Court cannot sift through 114 pages of the Complaint to determine which allegations are relevant to each count. Similarly, the Court is unable to discern whether Plaintiff properly addresses each element of the various claims brought. Thus, the Complaint must be dismissed without prejudice as an impermissible shotgun pleading.[1]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Abraka Okposio's Complaint, [ECF No. 1], is **DISMISSED without prejudice**;

2. Plaintiff Abraka Okposio's Motion for Leave to Amend Initial Complaint to Add a Claim for Punitive Damages, [ECF No. 7], is **DENIED without prejudice**;

3. All other pending motions are **DENIED as moot**;

4. Plaintiff may request leave to file an amended complaint that complies with the federal pleading standards on or before **January 15, 2021**;[2] and

---

[1] On September 14, 2020, Plaintiff filed a Motion for Leave to Amend Initial Complaint to Add a Claim for Punitive Damages. [ECF No. 7]. In addition to the issues described in this Order, the proposed Initial Amended Complaint, [ECF No. 7-1], fails to state a claim, is generally incomprehensible, and is incorrectly numbered. It also appears that Plaintiff is attempting to improperly incorporate the allegations and counts from the original Complaint.

[2] If Plaintiff wishes to amend her Complaint, she must request leave to file an amended complaint in a properly filed motion before the Court. *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (citation omitted)); *see also Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (stating that "[f]iling a motion is the proper method to request leave to amend a complaint," and in moving for leave to amend, a plaintiff must comply with Federal Rule of Civil Procedure 7(b) by either "set[ting] forth the substance of the proposed amendment or attach[ing] a copy of the proposed amendment").

5.   This action is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of December, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE