UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-23814-GAYLES/GOODMAN

**ABRAKA OKPOSIO**,

    Plaintiff,

v.

**BARRY UNIVERSITY, INC.**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants Barry University, Inc., Bethany Pierpont, Leticia Diaz, Roxanna Cruz, Maria Alvarez, and Amy Lefkowitz's (collectively, the "Defendants") Joint Motion to Dismiss Plaintiff's Third Amended Complaint (the "Motion"). [ECF No. 102]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is **GRANTED in part** and **DENIED in part**.

**I.    BACKGROUND**[1]

    A.    <u>Factual Allegations</u>

Plaintiff Abraka Okposio (the "Plaintiff"), an aspiring lawyer, enrolled in the Dwayne O. Andreas School of Law at Barry University (the "University") in August 2014. [ECF No. 58 ¶ 107]. The Plaintiff chose to attend the University based on school employees' representations about the availability of financial aid. *Id.* ¶¶ 56–107. On May 2, 2013, Defendant Bethany Pierpont ("Pierpont") invited the Plaintiff to apply to the University, stating "[w]e have a wide range of

---

[1] As the Court proceeds on a motion to dismiss, it accepts the allegations in the Plaintiff's Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

scholarships and other financial awards available to you" and "[w]e work with students, on a case by case basis, to ensure that every individual receives every dollar of financial assistance available[.]" *Id*. at ¶ 56. On November 26, 2013, Defendant Leticia Diaz ("Diaz"), another University representative, invited the Plaintiff to apply to the University, stating "[w]e believe that th[e] [$1000 Book] [S]tipend, along with Barry Law's wide range of scholarships and other financial awards, will help to put a private legal education within reach for students who might have thought they could not afford it" and reiterating that "[w]e work with our students, on a case-by-case basis, to ensure that every individual receives every dollar of financial assistance available[.]" *Id*. at ¶ 75.

The Plaintiff began classes in August of 2014. *Id*. at ¶ 107. The University covered the Plaintiff's first year of tuition, granting her a $6,000 merit-scholarship, a $3,000 Deans Award Grant, and a $1,000 book stipend.[2] *Id*. at ¶ 62. After completing her first year of law school, the Plaintiff's Grade Point Average ("GPA") was too low to receive future merit-based scholarships at the University.[3] *See id*. at ¶ 63. The Plaintiff, as a Canadian citizen, was also ineligible for federal financial education assistance. *Id*. at ¶¶ 26, 38. In the summer of 2015, the Plaintiff sought need-based financial aid from the University. *Id*. at ¶¶ 135–36. Although the University recommended to the Plaintiff a few "potential funding sources[,]" these options proved unsuccessful. *Id*. at ¶ 136. In 2016, during the spring semester of her second year at the University, the Plaintiff incurred an outstanding tuition balance. *Id*. at ¶ 137.

On August 1, 2016, the Plaintiff contacted Defendant Maria Alvarez ("Alvarez"), Barry University's Associate Vice President and Dean of Students, and explained to Alvarez that she

---

[2] The Plaintiff's Dean Grant Award was a one-time award which was only available during the Plaintiff's first year of school. [ECF No. 58 ¶ 108].
[3] When the Plaintiff was enrolled at the University, law students were required to maintain at least a 2.6 GPA to be eligible for merit-based financial aid. [ECF No. 58 ¶¶ 33, 63].

would not be able to register for classes for the fall 2016 semester due to her outstanding tuition balance. *Id.* at ¶ 140. On the same day, Alvarez informed the Plaintiff that she "was not able to come up with a solution" for the Plaintiff's outstanding balance and that "it is very difficult for international students to obtain financial assistance unless it is a private bank loan." *Id.* at ¶ 144. On August 16, 2016, when the Plaintiff sought an update, Alvarez stated that she "did not have any new information" and reiterated that it was difficult for international students to receive financial aid. *Id.* at ¶ 148. Classes began on August 22, 2016, for the fall semester, and late registration ended on August 26, 2016. *Id.* at ¶ 153.

Two days before late registration ended, the Plaintiff submitted a Petition for Variance for Late Registration (the "Petition") to enroll after the registration deadline. *Id.* at ¶ 156. When conferring with the Defendants about the Petition, the Plaintiff explained that she did not have the financial resources to pay her outstanding balance. *See id*. Defendant Amy Lefkowitz ("Lefkowitz"), Associate Dean for Student Affairs, was responsible for reviewing the Plaintiff's Petition. *Id*. at ¶ 161. After speaking with Lefkowitz, the Plaintiff felt that she had a "negative and defeatist attitude towards" the Plaintiff and "did not expect [the] Plaintiff to return for the [f]all 2016 semester." *Id*. at ¶ 158.

On August 29, 2016, the Defendants notified the Plaintiff that Lefkowitz denied the Plaintiff's Petition, citing the Plaintiff's inability to pay her outstanding tuition balance. *Id.* at ¶ 165. On the same date, the Plaintiff appealed the decision. *Id*. at ¶ 171. Over the next two weeks, the Plaintiff spoke with the Defendants about her appeal, and the Defendants informed her that they would not intervene. *Id.* at ¶ 193. On October 10, 2016, the University terminated the

Plaintiff's I-20 Certificate of Eligibility for Nonimmigration Student Status ("I-20 Certificate")[4] because she was past the deadline to enroll. *Id.* at ¶ 201. The Plaintiff has not returned to the University.

### B. Procedural History

On September 14, 2020, the Plaintiff filed this action against the Defendants. [ECF No. 1]. The Court dismissed the Plaintiff's original Complaint and Amended Complaint as improper pleadings. [ECF Nos. 10, 41]. The Plaintiff filed her Third Amended Complaint ("TAC") on November 29, 2023. [ECF No. 58].[5] In the TAC, the Plaintiff alleges multiple counts of fraudulent misrepresentation, gross negligence, and negligence against the Defendants and seeks punitive damages. [ECF No. 58 ¶¶ 202–423]. The Plaintiff alleges that the Defendants fraudulently led her to believe that she would have access to need-based financial aid beyond her first year of school and failed to disclose the limitations and restrictions on the availability of need-based aid for foreign students. *Id.* at ¶¶ 202–89. The Plaintiff alleges that the Defendants' actions, allowing a biased official to deny her Petition and delaying their communications with the Plaintiff, constituted gross negligence. *Id.* at ¶¶ 290–351. The Plaintiff argues that the Defendants' gross negligence caused the loss of her I-20 Certificate. *Id.*

On June 19, 2024, the Defendants filed the instant Motion, arguing that the Plaintiff's claims are barred by the applicable statute of limitations. [ECF No. 102 at 3–8]. The Defendants argued, in the alternative, that the Plaintiff's Complaint should be dismissed for failure to state a claim. *Id.* at 8-21.

---

[4] An I-20 Certificate is a document submitted by designated schools' officials to the U.S. Department of Homeland Security attesting to eligibility for admission to the program of study. *See generally* DSOS AND THE FORM I-20, https://studyinthestates.dhs.gov/schools/report/dsos-and-the-form-i-20 (last visited January 22, 2025).

[5] The Plaintiff's TAC was dismissed as a shotgun pleading, but the Eleventh Circuit reversed the dismissal, finding that the TAC sufficiently put the Defendants on notice of the claims against them. *Okposio v. Barry U., Inc.*, No. 22-13845, 2023 WL 7484223 (11th Cir. Nov. 13, 2023).

## II. LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, *see Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam), "conclusory allegations . . . are not entitled to an assumption of truth — legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010).

"[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the Plaintiff. *See Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether h[er] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal quotation and citation omitted).

"A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only when it is apparent from the face of the complaint that the claim is time-barred." *Davis v. Clerk of Super. Ct. for Effingham Cnty.*, No. 22-12949, 2023 WL 3746376, at *1 (11th Cir. June 1, 2023) (internal quotations omitted).

5

### III.  ANALYSIS

#### A.  Fraudulent Misrepresentation

The Defendants argue that the Plaintiff's fraudulent misrepresentation claims are barred by the statute of limitations since the alleged fraudulent misrepresentations occurred, at the latest, in August 2016, over four years ago. [ECF No. 102 at 3–8]. In actions based on diversity jurisdiction, federal courts apply the state's relevant statute of limitations. *See Reisman v. Gen. Motors Corp.*, 845 F.2d 289, 291 (11th Cir. 1988). Here, the Court applies Florida law because it is undisputed that when the Plaintiff filed her Complaint, her fraudulent misrepresentation claims were governed by Florida's then four-year statute of limitations. *See* Fla. Stat. § 95.11(3)(i).

A "cause of action accrues when the last element constituting the cause of action occurs." Fla. Stat. § 95.031(1). A cause of action for fraud accrues when "the cause of action w[as] discovered or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.031(2)(a). The Defendants argue that the last element of the Plaintiff's fraudulent misrepresentation claims occurred by August 2016, when the Plaintiff discovered or should have discovered that her access to financial aid from the University was limited due to her citizenship and low GPA. [ECF No. 102 at 6]. As a result, the Defendants contend that the statute of limitations for the Plaintiff's fraudulent misrepresentation claims ran prior to the Plaintiff filing suit. *Id*. The Plaintiff argues that the last element of her claims occurred on October 10, 2016, when the University terminated her Form I-20 Certificate, and that, therefore, her claims are timely. [ECF No. 105 at 20–21].

The Court agrees with the Defendants. The University's termination of the Plaintiff's I-20 Certificate is not when the Plaintiff discovered or should have discovered that financial aid was limited to her. Rather, as the allegations in the TAC make clear, the Plaintiff discovered there was

6

limited financial aid as early as the summer of 2015 when she was unable to secure funding from the University for her second year of law school. [ECF No. 58 at ¶¶ 135–37]. The Plaintiff knew in August 2016, at the latest, that her financial aid options were limited when Alvarez informed her that it was "very difficult for international students to obtain financial assistance unless it is a private bank loan" on August 1st and 16th of 2016. *Id.* at ¶¶ 144, 148. The Plaintiff's Complaint was filed on September 14, 2020, over four years later. [ECF No. 1]. Thus, the Plaintiff's fraudulent misrepresentation claims are barred by the applicable four-year statute of limitations. *See* Fla. Stat § 95.11(3)(i).

  B. <u>Gross Negligence</u>

    1. <u>Statute of Limitations</u>

The Defendants argue that the Plaintiff's claims for gross negligence should also be dismissed as time-barred by the statute of limitations. [ECF No. 102 at 7–8]. It is undisputed that when the Plaintiff filed her Complaint, her negligence claims were governed by Florida's then four-year statute of limitations. *See* Fla. Stat. § 95.11(3)(a).[6] "[A] cause of action for negligence does not accrue until the existence of a redressable harm or injury has been established and the injured party knows or should know of either the injury or the negligent act." *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1338 (11th Cir. 2001) (internal quotations and citations omitted). The Defendants argue that the last element of the Plaintiff's gross negligence claims occurred by August 29, 2016, at the latest, when the Defendants denied the Plaintiff's Petition. [ECF No. 102 at 7–8]. The Plaintiff argues that her gross negligence claims are timely because the last element of those claims occurred on October 10, 2016, when the University terminated her Form I-20 Certificate. [ECF No. 105 at 20–21]. The Court agrees with the Plaintiff.

---

[6] The Florida Legislature amended Fla. Stat § 95.11 in 2023, shortening the statute of limitations for actions founded on negligence to two years instead of four. Fla. Stat § 95.11(5)(a).

7

Negligence claims do not accrue until the existence of a redressable harm; and the Plaintiff's harm, when the University terminated her I-20 Certificate, did not occur until October 10, 2016. *See Porter*, 241 F.3d at 1338; [ECF No. 105 at 20–21]. Consequently, the Plaintiff's gross negligence claims are timely because they occurred within the 4-year statute of limitations. *See* Fla. Stat. § 95.11(3)(a).

2. Failure to State a Claim

The Defendants argue, in the alternative, that the TAC should be dismissed under Rule 12(b)(6) because the Plaintiff has failed to state a claim that is plausible on its face. [ECF No. 102 at 16–21]. The Court disagrees. The Plaintiff sufficiently alleges facts to state a claim for gross negligence.

To a state a claim for gross negligence, a plaintiff must demonstrate:

> (1) the existence of a composite of circumstances which, together, constitute an imminent or clear and present danger amounting to more than the normal and usual peril; (2) a showing of chargeable knowledge or awareness of the imminent danger; and (3) an act or omission occurring in a manner which evinces a conscious disregard of the consequences. *Wilder v. JP Morgan Chase Bank, N.A.*, No. 18-20820-CIV, 2018 WL 5629922, at *6 (S.D. Fla. Oct. 30, 2018) (internal citations and quotations omitted).

Here, the Plaintiff alleges that (1) she was in imminent danger of losing her I-20 Certificate if she did not obtain financial aid; (2) the Defendants knew that the Plaintiff was in imminent danger of losing her I-20 Certificate; and (3) the Defendants, by allowing a biased official to deny her Petition and delaying their communications to the Plaintiff, demonstrated a conscious disregard for the loss of the Plaintiff's I-20 Certificate. [ECF No. 58 at ¶¶ 290–351]. The Plaintiff's allegations, taken as true, sufficiently state a claim for gross negligence. While the Plaintiff's

8

arguments may prove inadequate at Summary Judgment, the Court finds them sufficient at this stage.[7]

Therefore, the Defendants' Motion is **GRANTED in part** and **DENIED in part**.

IV.  **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Defendants' Joint Motion to Dismiss the Complaint, [ECF No. 102], is **GRANTED** as to Counts 1–9, 20–23, and 29–31, and **DENIED** as to Counts 10–19, 24–28, and 32–35.

2. Counts 1–9, 20–23, and 29–31 are **dismissed** with prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of March, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[7] In their Motion, the Defendants briefly argue that the Plaintiff has not stated a claim for negligence. [ECF No. 102 at 16]. However, the Court finds that Plaintiff has sufficiently stated a claim for negligence.